**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
E. SCOTT FRISON JR.,              :
                                  :
        Plaintiff,                :
                                  :
    v.                            :  Civil Action No. 02-0080 (JR)
                                  :
Director, DEPARTMENT OF           :
EMPLOYMENT SERVICES et al.,       :
                                  :
        Defendants.               :
```

**MEMORANDUM**

Plaintiff is a former probation officer at the D.C. Superior Court. He brings this action pro se, challenging the denial of his disability compensation claims. He also alleges that the Director of the Department of Social Services and the Director of Personnel of the D.C. Superior Court retaliated against him because he exercised his First Amendment rights, but the complaint as to those defendants was dismissed for insufficiency of process. The remaining named defendants, the Mayor of the District of Columbia and the Director of the D.C. Department of Employment Services, move to dismiss. The motion will be granted.

A pro se plaintiff's complaint is to be liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), and will survive a motion to dismiss unless it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. at 521 (quoting Conley

v. Gibson, 355 U.S. 41, 45-46 (1957)).  Even applying the liberal standards applied to pro se litigants and taking all of the allegations of the complaint as true, however, plaintiff's claims must be dismissed.

Frison cannot challenge the substantive decisions made with respect to his disability compensation claims in this Court. Jurisdiction over an appeal of a disability compensation claim lies in the District of Columbia Court of Appeals.  D.C. Code §§ 1-623.28(b), 32-1522.

Count VII alleges that Frison was denied due process and equal protection when his claims were refused -- arguably a 42 U.S.C. § 1983 claim raising federal question jurisdiction -- but that claim is barred by D.C.'s three-year statute of limitations.  D.C. Code § 12-301; see also Carney v. American University, 151 F.3d 1090, 1096 (D.C. Cir. 1998)(D.C.'s three-year statute of limitations is applicable to actions brought under 42 U.S.C. § 1983).  Frison bases his constitutional claims on acts that allegedly occurred from January 1996 to October 1998.  He filed this action in January 2002.  The complaint on its face is conclusively time-barred.  See Doe v. U.S. Dep't of Justice, 753 F.2d 1092, 1115 (D.C. Cir. 1985). Frison does state, in his opposition to the motion to dismiss, that he is asserting a "continuing violation theory," but he does not identify what the continuing violation is.  He makes

reference to the "missed monthly payment" he feels he was owed each time he applied for disability compensation, but the last time he was denied compensation was in October 1998.

Frison's Title VII retaliation claim is barred by the statute's administrative exhaustion requirement. 42 U.S.C. §§ 2000e-5(c), (e)(1), (f); see also Washington v. Washington Metro. Area Transit Auth., 160 F.3d 750, 752 (D.C. Cir. 1998)(before suing under Title VII, aggrieved party must exhaust his administrative remedies by filing a charge of discrimination with the EEOC within 180 days of the alleged discriminatory incident). Frison neither disputes nor explains his failure to file charges with the Equal Employment Opportunity Office or the D.C. Office of Human Rights, the state agency that reviews Title VII claims pursuant to 42 U.S.C. § 2000e-5(e), Williams v. Washington Metro. Area Transit Auth., 721 F.2d 1412, 1416 n. 3 (D.C. Cir. 1983).

For the foregoing reasons, plaintiff's claims must be dismissed.

> JAMES ROBERTSON
> United States District Judge